**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7419**

———————

DENNIS TEMPLE,

        Plaintiff - Appellant,

    v.

OCONEE COUNTY; SHERIFF JAMES SINGLETON; MAJOR STEVE PRUITT; LIETENUANT FOSTERVOLD; SERGEANT DALLAS SHIRLEY; OFFICER ROBERT WHITFIELD; OFFICER DAVID WALD; OFFICER WAYNE HILL; OFFICER TIM WILLIAMSON; OFFICER RAY ARMSTRONG; OFFICER JOY HUNTER; OFFICER SCOTT ARNOLD; SERGEANT KEVIN CAIN; LIEUTENANT GREG REED, in their individual and official capacity; OFFICER TRAVIS OVERTON; OFFICER BEVERLEY SIEGLER; OFFICER CINDY BECKETT; SERGEANT ROGER FOSTER; SERGEANT BRENDA WALLIS; SERGEANT RENITA ROHLETTER; OFFICER LORI MCALLISTER; OFFICER RUDY STEELE; OFFICER ZACHARY LOMBARDI; OFFICER LISA HERBERT; OFFICER LINDSEY MCKINNEY; OFFICER JASON ADDIS; OFFICER GENE EVANS; OFFICER RICK OAKLEY; OFFICER JONATHAN JERDE; OFFICER JOHN CHARLES; OFFICER MARIA MELENDEZ; OFFICER DENISE CHASTEEN; OFFICER TYRONE MERCK; OFFICER PATRINA BLASSINGAME,

        Defendants - Appellees,

    and

OFFICER DIXIE,

        Defendant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Joseph F. Anderson, Jr., Senior District Judge. (6:13-cv-00144-JFA)

———————

Submitted: February 24, 2015        Decided: March 4, 2015

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dennis Temple, Appellant Pro Se. James Victor McDade, DOYLE, O'ROURKE, TATE & MCDADE, PA, Anderson, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis M. Temple appeals from the district court's judgment denying relief in his civil rights action, challenging the magistrate judge's interlocutory order denying his motion to appoint counsel and the district court's order adopting the recommendation of the magistrate judge and granting summary judgment to Defendants.[*] We affirm.

With respect to the order denying Temple's motion to appoint counsel, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated in the order. Temple v. Oconee Cnty., No. 6:13-cv-00144-JFA (D.S.C. Sept. 17, 2013).

With respect to the district court's order adopting the recommendation of the magistrate judge and granting summary judgment to Defendants, the timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (holding that a "general objection" to a

---

[*] The district court referred the summary judgment motion to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). Temple filed objections to the magistrate judge's recommendation.

magistrate judge's finding is insufficient to preserve a claim for appellate review); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) ("We have long held that the Federal Magistrates Act cannot be interpreted to permit a party to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals." (internal quotation marks, alterations, and ellipsis omitted)); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985) ("[W]e hold that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate's report before such a procedural default will result in waiver of the right of appeal."). Temple has waived appellate review of the district court's order by filing untimely and largely nonspecific objections to the magistrate judge's recommendation after receiving proper notice. Accordingly, we affirm the district court's order.

We deny Temple's motion to amend or correct the record and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4